UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LEROY HUGHES, | ) | No. CV 20-11299-JAK (PLA) |
| Petitioner, | ) ) ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | ) ) | |
| W.J. SULLIVAN, | ) ) | |
| Respondent. | ) ) | |

Leroy Hughes ("petitioner") initiated this action on December 10, 2020, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges his July 24, 2015, conviction in Los Angeles County Superior Court case number TA134923 for attempted murder (Cal. Penal Code §§ 187, 664) with a firearm enhancement (Cal. Penal Code § 12022.53). (Petition at 2[1]). The Petition appears to set forth two grounds for relief: (1) a claim based on California Senate Bill 1437 ("SB 1437")[2]; and (2) a

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

[2] "Senate Bill 1437, which became effective on January 1, 2019, restricted the circumstances under which a participant in an underlying offense may be found guilty of murder
(continued...)

claim based on California Senate Bill 620 ("SB 620").³ (Id. at 5). In an attachment to the Petition, petitioner appears to assert additional arguments that reference constitutional rights involving the effective assistance of counsel, double jeopardy, and equal protection. (Id. at 15-33).

After reviewing the Petition, the Court determines that petitioner's asserted grounds for relief do not appear to be cognizable on federal habeas review.

### A.   State Law Claims Are Not Cognizable on Federal Habeas Review

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Petitioner in the Petition does not assert any facts in support his two grounds for relief. Rather, in Ground One, he only cites SB 1437 and states: "The main cri[]teria for attempted murder is a specific intent and or a lying in wait plan. This was a spontaneous action[.]" (Petition at 5). In Ground Two, petitioner cites SB 620 and states: "Changes in law that apply retroactively

---

²(...continued) on a felony-murder or natural-and-probable-consequences theory. The bill created a statutory provision, California Penal Code section 1170.95, allowing sentencing courts to grant retroactive relief to criminal defendants convicted of murder who do not meet the newly restricted criteria." Esparza v. Lizarraga, 2019 WL 6749449, at *3 (C.D. Cal. Aug. 7, 2019) (citations omitted), Report and Recommendation accepted, 2019 WL 5589040 (C.D. Cal. Oct. 28, 2019), appeal filed, No. 19-56299 (9th Cir. Nov. 12, 2019).

³ Under SB 620, trial courts have the discretion to strike or dismiss firearm enhancements. The law became effective on January 1, 2018. See Guerrero v. Sherman, 2020 WL 4938366, at *20 (C.D. Cal. June 30, 2020).

on any open case." (Id.). Liberally construing the two grounds for relief, petitioner is apparently seeking habeas relief on the basis that he is entitled to a reduced sentence under recent changes in California sentencing law. These claims, however, only involve the application of state law. As such, the claims are not cognizable in this habeas action. See, e.g., Guerrero, 2020 WL 4938366, at *19 (SB 620 claim does not present a federal question suitable for federal habeas review); Davis v. Munoz, 2019 WL 2424540, at *4 (C.D. Cal. May 2, 2019) (claim pursuant to SB 1437 not cognizable on federal habeas review), report and recommendation accepted, 2019 WL 2424107 (C.D. Cal. June 7, 2019).

Additionally, regarding the attachment to the Petition, the Court is unable to discern from petitioner's confusing and unintelligible assertions therein if he seeks habeas relief on the basis of any other claims. In particular, although petitioner in the attachment refers to constitutional rights involving the ineffective assistance of counsel, double jeopardy, and equal protection, he fails to set forth any intelligible constitutional claims or provide supporting facts. Neither are these "claims" contained in the appropriate section of the form habeas petition.

The Court notes that Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well as the facts supporting each ground. Habeas Rule 2(c). A petitioner is required to set forth a "detailed statement" explaining his habeas claims. See Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). As petitioner's claims in the Petition and attachment lack both detail and factual support, he has failed to comply with Habeas Rule 2.

**B.    Order to Show Cause and Leave to File Amended Petition**

Based on the foregoing, petitioner is **ordered to show cause** why the instant Petition should not be dismissed for failure to assert a cognizable claim. Given the circumstances here -- i.e., petitioner's failure to state any *federal* constitutional claim in the body of the Petition, his failure to state facts in support of any of his asserted grounds for relief, and the confusing and unintelligible nature of his assertions in the Petition attachment -- **petitioner is granted leave to**

**file an Amended Petition to satisfy this Order to Show Cause**. The Amended Petition must be filed **by January 14, 2021**, be clearly labeled "Amended Petition," and have the same case number (CV 20-11299-JAK (PLA)). The Amended Petition **must utilize the form petition** that will accompany this Order, and must be **completely filled out** and contain **ALL** the grounds for relief that petitioner intends to pursue. In particular, **in section 8 of the Amended Petition, petitioner must: (1) state each and every *federal* constitutional claim that he seeks to raise in this action; (2) state the facts that support each claim; and (3) answer all of the questions pertaining to each claim,** *including whether he has exhausted his state court remedies by raising each claim in the California Supreme Court.*

With respect to the requirement that all claims for which petitioner seeks relief must first be exhausted, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

      C.    **Option to File Voluntary Dismissal**

Alternatively, if petitioner agrees that the instant Petition should be dismissed without prejudice for failure to state a cognizable claim, he may instead file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary

dismissal of an action by a petitioner[4] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment. If petitioner elects to file a Rule 41 voluntary dismissal, he should not file an Amended Petition.

\* \* \*

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Petition for Writ of Habeas Corpus by a Person in State Custody, and a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

**Failure to respond as ordered by January 14, 2021, will result in the Petition being summarily dismissed for failure to state a cognizable claim, as well as for failure to prosecute and follow court orders.**

DATED: December 21, 2020

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.